Milford **BOERSMA**, d/b/a Executive Travel, Plaintiff,

v.

**EXECUTIVE TRAVEL CLUB, INC.,** and Benjamin H. Bass, Defendants.

Civ. A. No. 1608–65.

United States District Court District of Columbia.

June 17, 1966.

John W. Cragun, Leon T. Knauer, Wilkinson, Cragun & Barker, Washington, D. C., for plaintiff.

Albert J. Kramer, Shinberg & Shinberg, Washington, D. C., for defendants.

## OPINION

JACKSON, District Judge.

This cause came on for determination of plaintiff's motion for a summary judgment that his service mark "EXECUTIVE TRAVEL," registered on the Patent Office principal register April 29, 1958, as No. 661,163 for travel ticket agency services, in Class 105, is infringed by defendant's use of the name "EXECUTIVE TRAVEL CLUB" to describe a service wherein purchasers of defendant's cards, i. e. club members, obtain discount rates at selected hotels. Although this Court previously denied plaintiff's motion for a preliminary injunction on the ground of inadequate showing of irreparable injury, reconsideration of the matter on the present motion convinces the Court that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law on the issue of service mark infringement.

Although defendant has cited the existence in Class 105 of other registered marks using the word "EXECUTIVE" to establish its contention that plaintiff's mark is a weak one, no registered mark in which the two words "EXECUTIVE" and "TRAVEL" are used in conjunction has been cited, other than plaintiff's registration. Defendant has appropriated both distinguishing words of plaintiff's mark, merely adding the relatively insignificant third word "CLUB."

When the marks are considered in relation to the respective services afforded by the parties, it is noted that one of plaintiff's "travel ticket agency services" is a guaranteed rate for rooms at selected hotels. Since the guaranteed rate usually falls somewhere in between the maximum and minimum room rates for each hotel, this guaranteed rate may be considered a discount on the rates normally charged for the more expensive hotel rooms, and plaintiff's service is, in this limited respect, substantially identical to defendant's discount service.

While defendant contends that his service is one of advertising the participating hotels, the club members must also be receiving the benefit of defendant's service. If otherwise, the members manifestly would not pay anything to purchase defendant's club cards. Furthermore, the very name "EXECUTIVE TRAVEL CLUB" strongly suggests that defendant provides a travel service for business executives, as does plaintiff.

The affidavits of record filed by plaintiff further provide sufficient evidence of present actual confusion in the travel and hotel industries for the Court to hold as a matter of law that defendant's use of the name "EXECUTIVE TRAVEL CLUB" for its hotel room rate discount service for travelling executives is likely to cause confusion or mistake in the travel and hotel industries and among travelling executives and that defendant is therefore guilty of infringement of plaintiff's registered service mark under 15 U.S.C. § 1114.

One final point which should be mentioned is defendant's contention that plaintiff's franchising its registered service mark to others constitutes abandonment of the mark, citing R. M. Hollingshead Corp. v. Davies-Young Soap Co., 121 F.2d 500, 28 CCPA 1286 (1941). However, in a subsequent decision the Court of Customs and Patent Appeals held that the owner of a registered mark may license its use to others so long as such agreements are not merely naked license agreements, and that issuance of such proper franchises does not constitute abandonment of the mark. E. I. Du Pont De Nemours & Co. v. Celanese Corp. of America, 167 F.2d 484, 35 CCPA

1061 (1948). Thus it is clear that, contrary to defendant's contention, registered marks are franchisable by the owners thereof. See also Susser v. Carvel Corp., 332 F.2d 505 (2nd Cir. 1964) and Denison Mattress Factory v. Spring-Air Co., 308 F.2d 403 (5th Cir. 1962).